UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EUGENE HARRIS III; CONNIE L. HARRIS,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NA, dba WELLS FARGO HOME MORTGAGE; QUALITY LOAN SERVICE CORPORATION; NATIONAL DEFAULT SERVICING CORPORATION; DOES I-C, INCLUSIVE,<br><br>Defendants. | Case No. 2:17-cv-02168-RFB-PAL<br><br>**<u>ORDER</u>** |

## I. INTRODUCTION

Before this Court comes Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Dismiss. (ECF No. 7). For the reasons stated below, this motion is granted and the case is dismissed without prejudice.

## II. BACKGROUND

On July 10, 2017, Plaintiffs Eugene Harris III ("Mr. Harris") and Connie L. Harris ("Mrs. Harris") (collectively, "Plaintiffs") filed their Complaint in state court, alleging the following causes of action: (1) injunctive relief; (2) breach of contract; and (3) negligence. (ECF No. 1-1). Wells Fargo filed a Petition for Removal before this Court on August 14, 2017. (ECF No. 1). Wells Fargo contends that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1334. Based upon the Petition for Removal, no Defendant is a citizen of Nevada, and the amount in controversy exceeds $75,000.

On September 5, 2017, Wells Fargo filed the instant Motion to Dismiss. (ECF No. 7) and a related Request for Judicial Notice (ECF No. 8). On March 1, 2018, Defendant Quality Loan Service Corporation ("QLS") filed a Joinder to the Motion. (ECF No. 20). Plaintiffs filed their Response on October 13, 2017. (ECF No. 14). On November 3, 2017, Wells Fargo filed its Reply. (ECF No. 16). The Court held a hearing on the matter on July 17, 2018, and took the matter under submission. This Order now follows.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

#### B. Judicial Notice

Federal Rule of Evidence 201(b) states in relevant part that courts may take judicial notice of adjudicative facts that cannot be reasonably disputed because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." These facts include "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). Further, courts are required to take judicial notice of adjudicative facts if a party so requests and supplies the court with the necessary information. Fed. R. Evid. 201(c). However, the Court may nonetheless decline to take judicial notice of documents that are not relevant to the issues before it. Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

## IV. FACTUAL FINDINGS

The Court takes judicial notice of the documents filed in the underlying bankruptcy proceeding and makes the following findings of fact. Plaintiffs are residents of Clark County, Nevada. Defendants Wells Fargo, QLS, and National Default Servicing Company ("NDS") are servicers of the loans attached to the real property at issue in this case.

### A. The Langdon Property

On or about November 11, 2004, Mr. Harris executed a deed of trust in favor of nonparty Argent Mortgage Company, LLC ("Argent") with the property commonly known as 2215 Langdon Way, Las Vegas, Nevada 89032, APN 139-20-611-053 ("Langdon" or "the Langdon Property"), as collateral for a loan. The loan amount was $148,500. On or about December 12, 2009, Argent assigned its interest to nonparty Ameriquest Mortgage Company, which in turn assigned to US Bank NA that same day, and substituted Defendant NDS as Trustee or servicer.

In February 2013, Plaintiffs defaulted on the Langdon deed of trust. On or about March 8, 2017, nonparty US Bank NA substituted Defendant QLS as servicer. On or about March 20, 2017, QLS on behalf of Wells Fargo filed a "Breach & Election to Sell" with the Clark County Recorder. On June 22, 2017, QLS on behalf of Wells Fargo filed a Notice of Trustee's Sale for the property, and the foreclosure date was set for July 25, 2017.

As of the filing of this lawsuit, Wells Fargo continues to service the loan for the Langdon Property.

### B. The Doane Property

On or about October 19, 2007, Mrs. Harris executed a deed of trust in favor of nonparty World Savings Bank, FSB ("World Savings Bank") for the property commonly known as 9113 Doane Ave, Las Vegas, NV 891423, APN #125-08-124-099 ("Doane" or "the Doane Property"). The deed of trust secured a loan in the amount of $191,100. On or about September 29, 2009, nonparty Wachovia Mortgage FSB ("Wachovia")[1], filed a notice of substitution naming NDS as trustee. Wells Fargo is successor in interest to World Savings Bank and Wachovia.

---

[1] On December 31, 2007, World Savings Bank, FSB amended its charter and bylaws to change its name to Wachovia Mortgage, FSB.

In August 2012, Plaintiffs defaulted on the deed of trust. On or about March 20, 2017, NDS on behalf of Wells Fargo filed a Default & Election to Sell with the Clark County Recorder.

**C.    Plaintiffs' Chapter 11 bankruptcy**

Plaintiffs filed for Chapter 11 bankruptcy on January 10, 2011. On December 13, 2011, the bankruptcy court entered a stipulation and order between Plaintiffs as Debtors and Wells Fargo as Secured Creditor, regarding repayment of the Doane Avenue Deed of Trust ("Doane Avenue Stipulation"). The stipulation reads in part:

> 11. The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. . . .
>
> 14. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

Plaintiffs' Chapter 11 Plan, titled "Second Amended Plan of Reorganization of Eugene & Connie Harris" was filed on May 4, 2012 ("the Plan"). It was confirmed on August 9, 2012. The Plan specified treatment for the Landon Property and for the Doane Property. The Langdon Property was treated as a Class 3 first mortgage, and Plaintiffs were to pay monthly payments of $522.52 plus an escrow payment. The Doane Property was treated as a Class 7 first mortgage, and Plaintiffs were to pay monthly payments of $1366.59 plus an escrow payment.

The Plan also includes Section 11.06, titled "Release of Liens, Claims and Equity Interests" which reads:

> Except as otherwise provided herein or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtor'[s] estates shall be fully released and discharged, including all in personam claims against the Debtor. The security interests of the Debtor'[s] first lien holders, however, shall be unimpaired under the Plan with respect to the Debtor'[s] property until full payment as scheduled under this plan has been made.

The order confirming the Plan included the following language: "IT IS HEREBY ORDERED that the plan is confirmed, with the following modification: To the extent, if any, that the plan conflicts with the orders in Docket# 124 and #125, the orders settling the treatment of The Bank of New York Mellon, those orders shall govern, while in all other cases, the [P]lan shall govern. . . ." Neither the Langdon Property nor the Doane Property were covered by Docket #124 or #125.

At some point, Plaintiffs fell behind on their Plan payments, failed to make the supervisory payments to the United States Trustee, and failed to maintain the "Quarterly Operating Reports" required until case closure. The United States Trustee ("UST") filed a motion to dismiss the case for these failures. A "Conditional Order of Dismissal" was negotiated which allowed the case to stay open with various deadlines and conditions. On March 1, 2016, the UST filed an ex parte motion to dismiss pursuant to the prior order, due to the failure to pay fees and provide operating reports, and the case was dismissed the following day.

### D. Post-dismissal of bankruptcy and commencement of the instant suit

Plaintiffs continued to attempt making their payments after dismissal, but these payments were returned by Wells Fargo. Wells Fargo has instituted proceedings for a trustee sale of both of the properties, despite Plaintiffs' post-dismissal attempts of payment. However, the foreclosure sales have been postponed. In conjunction with this lawsuit, Plaintiffs filed lis pendens for both the Langdon and Doane Properties on July 12, 2017.

## V. DISCUSSION

### A. Request for injunctive relief

A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069,

1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). The Ninth Circuit has also affirmed that a preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Id. at 1134-35 (citation omitted).

The Court finds that injunctive relief is not warranted at this time. The Court first finds that Plaintiffs cannot establish a likelihood of success on the merits. As discussed below, the breach of contract claim is dismissed without prejudice, and the negligence claim is dismissed with prejudice. As this is the Court's holding as to these two claims, the Plaintiff cannot at this time establish a likelihood of success on the merits.

**B.  Breach of contract**

"[I]t is well recognized that a bankruptcy court has the power to interpret and enforce its own orders." In re Wilshire Courtyard, 729 F.3d 1279, 1289 (9th Cir. 2013). Where there is a "close nexus" between the bankruptcy proceeding and post-confirmation litigation, such that the claims regarding post-confirmation conduct "would likely require interpretation of the [confirmed plan]" or would "affect the implementation of [an] as-yet-unconsummated plan," the bankruptcy court retains "related to" jurisdiction over allegations of such conduct. Id. at 1287 (citation and quotation marks omitted). The "close nexus" test is therefore satisfied when a civil proceeding is based upon conduct that "affect[s] the interpretation, implementation, consummation, execution, or administration of [a] confirmed plan." Id. at 1288 (citation omitted).

The Court finds that the bankruptcy court has "related to" jurisdiction in the first instance over the underlying facts regarding the breach of contract claim, as the claim depends upon the interpretation of the bankruptcy court's order on the confirmed Plan. See id. at 1290 ("Interpretation of the Plan and Confirmation Order is the only way for a court to determine the essential character of the negotiated Plan transactions in a way that reflects the deal the parties struck in chapter 11 proceedings. Under [prior Supreme Court case law], this is reason enough for the bankruptcy court to exercise jurisdiction in this case.") (citations omitted). The bankruptcy

court, rather than this Court, therefore is the proper court to enter an order addressing the potential conflict between the Doane Avenue Stipulation and the Plan—specifically the issue of whether the bankruptcy court intended for the Doane Avenue Stipulation to be incorporated into the Plan or superseded by the Plan. Indeed, the parties did not dispute at oral argument in this case that there is ambiguity in the terms of the Plan in the context of the Stipulation(s), that a resolution of this ambiguity or conflict requires the bankruptcy court to interpret the approved Plan in the underlying bankruptcy proceeding and that a resolution of this issue is necessary for a determination of the breach of contract claim.

The Court, therefore, dismisses this claim without prejudice and grants Plaintiffs leave to file a motion to reopen the case after receiving an order from the bankruptcy court on the issue discussed above. Any defenses related to the statute of limitations for this claim, and any responses to those defenses such as a request for equitable tolling, are preserved for the reopened case.

### C. Negligence

The Court incorporates its oral ruling on this cause of action into this order. For the reasons stated on the record, Plaintiffs' negligence claim is dismissed with prejudice.

## VI. CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Wells Fargo's Motion to Dismiss (ECF No. 7) is GRANTED. The action is dismissed without prejudice. The Clerk of Court is instructed to close this case.

DATED: July 21, 2018.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**